# JOHN R. SOMMER

Attorney-At-Law
17426 Daimler Street
Irvine, California 92614-5514
(949) 752-5344, Fax: (949) 752-5439
SOMMER@STUSSY.COM

October 18, 2016

Mr. Daniel E. O'Toole
Clerk
United States Court of Appeals
for the Federal Circuit
717 Madison Place NW
Washington DC  20005

      Re:    In re Brunetti, Case No. 2015-1109
                Appellant Erik Brunetti's Letter Brief re Request for Decision

Dear Mr. Toole:

Applicant Erik Brunetti respectfully requests this Court to issue a decision in the above-captioned case.

Good cause exists because on September 29, 2016, the Supreme Court issued an order granting the government's petition for certiorari for *In re Tam*, Case No. 14-120.  The Supreme Court should have the opportunity to review this case and consolidate it with *Tam*.  This would allow the Supreme Court to consider all issues relating to Section 2(a) in a consolidated appeal.

The Government asserted in its letter brief dated January 21, 2016, that this case (involving scandalous marks) might be different than *Tam*.

> "The United States disagrees with that conclusion [in *Tam* that Section 2(a) is unconstitutional], but even accepting it as the law of this Circuit, that aspect of the Court's reasoning would not necessarily carry over to Section 2(a)'s bar on registering scandalous and immoral marks. Likewise, the government's interest in refusing federal registration of scandalous trademarks, such as those that are profane or sexually explicit, may differ in

1

some ways from its interest in refusing federal registration of disparaging trademarks."

The Government further noted that:

"We reserve the prerogative of the Solicitor General to seek review of this Court's decisions, both here and in *Tam*, in the Supreme Court. If the Solicitor General does seek Supreme Court review, the government may argue that, under reasoning less sweeping than that adopted in *Tam*, the bar on registration of scandalous and immoral marks would survive even if the bar on registration of disparaging marks were held invalid (or vice versa)."

Brunetti suggests that it may be appropriate for a decision to be rendered in this case. Brunetti cannot predict what the decision will be. However, if the decision is in line of what is urged by Brunetti and apparently expected by the Government, then the Government can decide whether to file a petition for certiorari in this case and give the Supreme Court the benefit of an opportunity to consider all issues relating to Section 2(a) at one time in one consolidated appeal. Specifically, if only *Tam* is pending before the Supreme Court, then only issues relating to disparaging marks presumably will be decided. If *Brunetti* is decided and the Government files a petition for certiorari, then the Supreme Court will be able to choose whether to issue a more comprehensive opinion on scandalous marks, not just limited to the narrow *Tam* issue under Section 2(a).

Therefore, Brunetti respectfully requests that the Court promptly issue a decision herein on the question of whether Section 2(a) is unconstitutional as to scandalous marks.

Very truly yours,

/s/ John R. Sommer

John R. Sommer

Cc:     All counsel of record (through ECF)

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing LETTER BRIEF with the Clerk of the Court by using the appellate CM/ECF system.  I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated:  October 18, 2016                     _____/s/ John R. Sommer_____
                                             John R. Sommer